Being unable to agree with the majority, I respectfully dissent.
This case presents another scenario in which a defendant has been determined to be a sexual predator based upon the conviction of the offense which gave rise to the determination of predator classification. In such cases, the state has the burden to establish, by clear and convincing evidence, that there is a likelihood a defendant will commit sexual offenses in the future, R.C. 2950.09(C). My view of the record shows a failure on the part of the state to meet its burden of proof.
While the factors set forth at R.C. 2950.09(B)(2) are guidelines and matters to be given consideration by the trial court, the burden remains on the state to establish by clear and convincing evidence that a defendant is likely to reoffend.
In the instant case, the evidence before the trial court consisted of various exhibits including the judgment entries relating to the record of proceedings, in the instant case (including an earlier non-sexually related charge), and the post-sentence investigation report. There was no evidence offered by the state of defendant's likelihood of offending. The majority, in my view, relies on the rape conviction and a speculative interpretation of defendant's attitude relating to his guilt and responsibility for his crime by concluding defendant is likely to reoffend. Such speculation regarding a defendant's attitude does not meet the evidentiary burden placed upon the state.
There is no doubt that the crime committed by defendant was reprehensible, but we are faced with a statutory mandate, as is the trial court, of determining whether the state has met its burden of proof in the context of predator classification. I do not feel the state has met that burden. The majority finds otherwise. I therefore dissent.